# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STEVEN TITSWORTH,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 05-151-FHS** |
| ) | |
| **WALTER DINWIDDIE, Warden,** ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's amended petition for a writ of habeas corpus. Petitioner, an inmate currently incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, attacks his convictions in Muskogee County District Court Case Numbers CF-93-978 and CF-93-1017. He asserts the original sentences were illegal, the convictions violated the Double Jeopardy Clause, and the Muskogee County District Court lacked authority to modify the sentences.

This is petitioner's second habeas petition attacking these two Muskogee County convictions. In *Titsworth v. Ward*, No. CIV-01-642-P (E.D. Okla. May 30, 2002), petitioner alleged the convictions exceeded the maximum allowed by law and violated the prohibition against double jeopardy. This court dismissed the petition as moot, because the state district court had found the convictions were improperly enhanced by one prior conviction. *Id*. slip op. at 1 (quoting *State v. Titsworth*, No. CRF-93-978 and CRF-93-1017 (Muskogee County Dist. Ct. Nov. 21, 2001)). The state district court further found that petitioner had discharged both sentences and was entitled to release. *Id*. slip op. at 1-2.

The record shows that petitioner again challenged the convictions in the Muskogee

County District Court, which found he was raising the same issues as those presented in his prior case where relief was granted on November 21, 2001. *State v. Titsworth*, Nos. CRF-93-978 and CRF-93-1017 (Muskogee County Dist. Ct. Dec. 9, 2004). The Oklahoma Court of Criminal Appeals affirmed in *Titsworth v. Muskogee County Dist. Ct.*, No. PC-2005-10 (Okla. Crim. App. Mar. 1, 2005).

The respondent alleges this petition must be dismissed as successive pursuant to 28 U.S.C. § 2244(b). Petitioner has not filed a response. The restrictions on successive petitions are set forth in 28 U.S.C. § 2244:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> . . .

28 U.S.C. § 2244(b).

After careful review the court finds this petition presents the same excessive sentence

and double jeopardy claims as his earlier habeas petition, but he also is claiming his latest state court proceedings on the issues were invalid. "The ability of state prisoners to bring second or successive section 2254 habeas petitions is strictly limited." *Cannon v. Mullin*, 297 F.3d 989, 992 (10th Cir. 2002). The previously presented claims must be dismissed pursuant to 28 U.S.C. § 2244(b)(1). To the extent petitioner is raising a new claim with respect to his more recent state court proceedings, he has not demonstrated he meets an exception under 28 U.S.C. § 2244(b)(2). Furthermore, he has failed to obtain an order from the Tenth Circuit Court of Appeals authorizing this court to consider the petition pursuant to 28 U.S.C. § 2244(b)(3)(A).

**ACCORDINGLY,** respondent's motion to dismiss petitioner's successive petition is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 28th day of March 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma